(115 P.3d 162)

No. 93,310

MICHAEL S. HAYES, *Appellant*, v. STATE OF KANSAS, *Appellee*.

—

Opinion filed July 15, 2005.

*John R. Kurth*, of Kurth Law Office Incorporated, P.A., of Atchison, for appellant.

*Gerald R. Kuckelman*, county attorney, and *Phill Kline*, attorney general, for appellee.

Before MALONE, P.J., GREEN and BUSER, JJ.

MALONE, J.: Michael S. Hayes appeals the district court's dismissal of his K.S.A. 2004 Supp. 60-1507 motion. The district court ruled the motion was barred by the 1-year statute of limitations at K.S.A. 2004 Supp. 60-1507(f), which became effective on July 1, 2003. L. 2003, ch. 65, sec. 1. We hold the 1-year statute of limitations at 60-1507(f) begins to run for preexisting claims on the date the statute became effective. Because Hayes filed his 60-1507 motion on November 25, 2003, the district court erred in dismissing the motion based upon the statute of limitations.

The facts are undisputed. Hayes was convicted of first-degree murder, aggravated robbery, and conspiracy to commit robbery. He appealed to the Kansas Supreme Court, which affirmed the convictions on December 8, 1995. *State v. Hayes*, 258 Kan. 629, 908 P.2d 597 (1995).

On November 25, 2003, Hayes filed a pro se 60-1507 motion. The motion alleged (1) the trial court erred in denying his motion for change of venue; (2) his trial counsel was ineffective; (3) prosecutorial misconduct; (4) the trial court erred in not instructing the jury on lesser included offenses; and (5) because he was only 17 years old when convicted and could not find legal assistance, it would be manifest injustice for the court to dismiss his motion as untimely. Upon receiving the motion, the district court appointed counsel to represent Hayes.

The State filed a motion to dismiss and argued Hayes' motion was untimely under 60-1507(f) because more than 1 year had elapsed since Hayes' convictions had been affirmed by the Kansas Supreme Court. Hayes filed a memorandum in opposition to the State's motion to dismiss. Hayes argued the 1-year time limitation should be extended pursuant to 60-1507(f)(2) to prevent a manifest injustice.

The district court granted the State's motion to dismiss. The district court determined Hayes' motion was untimely under 60-1507(f)(1) because the motion was not filed within 1 year of the final order of the Kansas Supreme Court affirming Hayes' convictions. The district court also found Hayes' pleadings failed to disclose any facts or issues which were not known or available to Hayes within 1 year of the Supreme Court's decision. The district court stated "even a claim of 'manifest injustice' needs to be timely pursued" and concluded Hayes had failed to do so. Hayes timely appeals.

On appeal, Hayes claims the district court should have considered his motion pursuant to 60-1507(f)(2), which authorizes extension of the 1-year time limitation in order to prevent a manifest injustice. Before we address this issue, however, we must first consider whether the district court erred in determining Hayes' motion was untimely under 60-1507(f)(1). Interpretation of a statute is a question of law over which an appellate court has unlimited review. *Dougan v. Rossville Drainage Dist.*, 270 Kan. 468, 472, 15 P.3d 338 (2000).

K.S.A. 2004 Supp. 60-1507(f), which became effective July 1, 2003, states:

"*Time limitations*. (1) Any action under this section must be brought within one year of: (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.

(2) The time limitation herein may be extended by the court only to prevent a manifest injustice."

Although not specifically addressed by the district court, the real question in this case is how 60-1507(f) should be applied to Hayes' preexisting claim. There is no language in 60-1507(f) indicating whether the legislature intended the amendment to apply prospectively or retroactively. As a general rule, a statute operates prospectively unless its language clearly indicates the legislature intended it to operate retroactively. *Owen Lumber Co. v. Chartrand*, 276 Kan. 218, 220, 73 P.3d 753 (2003). An exception to this rule has been recognized where a statutory change is procedural or remedial in nature and does not prejudice the parties' substantive rights. *State v. Martin*, 270 Kan. 603, 609, 17 P.3d 344 (2001). Procedural statutes generally concern the manner and order of conducting lawsuits, while substantive statutes establish the rights and duties of the parties. If an amendment to a procedural statute does not prejudice the substantive rights of a party, all actions generally will be subject to the new procedure whenever they accrued or were instituted. *In re Tax Grievance Application of Kaul*, 269 Kan. 181, 184, 4 P.3d 1170 (2000).

There is no Kansas case which addresses how 60-1507(f) should be applied to preexisting claims. However, we can examine similar legislative efforts to impose time limitations on post-conviction actions in order to ascertain how 60-1507(f) should be applied to Hayes' case.

In 1994, the Kansas Legislature amended K.S.A. 60-1501, adding a requirement that an inmate "file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final, but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies." L. 1994, ch. 227, sec. 3. This provision became effective on July 1, 1994.

In *Peters v. Kansas Parole Board*, 22 Kan. App. 2d 175, 179-80, 915 P.2d 784 (1986), an inmate filed a petition for writ of habeas corpus pursuant to K.S.A. 60-1501 on August 8, 1994. The inmate claimed he was wrongfully denied parole by the Kansas Parole Board (KPB), whose administrative decision became final on June 10, 1994. The KPB filed a motion to dismiss the petition as untimely. The district court agreed and dismissed the petition because it was not filed within 30 days of the final action by the KPB. 22 Kan. App. 2d at 177.

On appeal, the court concluded that for preexisting claims, the 30-day limitation period began to run on the date the statute became effective. Thus, for a cause of action under K.S.A. 60-1501 that accrued prior to July 1, 1994, but had not yet been filed by that date, a petition for writ of habeas corpus would not become time barred until 30 days after July 1, 1994. However, because the inmate's petition was filed beyond that date, the court affirmed the dismissal of the action. 22 Kan. App. 2d at 180.

In making this determination, the court relied on *In re Estate of Forrester*, 13 Kan. App. 2d 98, 762 P.2d 198, *rev. denied* 244 Kan. 737 (1988), which held that a shortened statute of limitations controlled if there was reasonable time to file the petition before expiration of the shortened limitation period. The court also relied on *Superior Engraving Co. v. National Labor Rel. Bd.*, 183 F.2d 783, 789 (7th Cir. 1950), *cert. denied* 340 U.S. 930 (1951), where the Seventh Circuit held that " 'where a statute creates a period of limitations where none had previously existed, the period will begin to run with respect to preexisting claims, on the effective date of the statute.' " 22 Kan. App. 2d at 179.

Similarly, in 1996 Congress amended federal habeas corpus litigation by implementing a statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a 1-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1) (2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 410, 161 L. Ed. 2d 669, 125 S. Ct. 1807 (2005).

After AEDPA's implementation, the federal courts determined that the 1-year statute of limitations could not be applied retro-

actively to bar habeas corpus claims of prisoners whose convictions or sentences technically became final before the effective date of AEDPA. See, *e.g., Malcom v. Payne,* 281 F.3d 951, 955 (9th Cir. 2002); *Rogers v. United States,* 180 F.3d 349, 354 (1st Cir. 1999), *cert. denied* 528 U.S. 1126 (2000); *Hoggro v. Boone,* 150 F.3d 1223, 1225-26 (10th Cir. 1998); *Brown v. Angelone,* 150 F.3d 370, 374-75 (4th Cir. 1998); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.), *cert. denied* 525 U.S. 891 (1998); *United States v. Flores,* 135 F.3d 1000, 1002-05 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 111 (3d Cir. 1998); *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds* 521 U.S. 320, 138 L. Ed. 2d 481, 117 S. Ct. 2059 (1997). Thus, the federal courts determined that AEDPA's statute of limitations created in 28 U.S.C. § 2244 did not bar federal habeas corpus petitions filed within 1 year after April 24, 1996, the effective date of AEDPA. See *Hoggro,* 150 F.3d at 1225-26. The courts reasoned that to apply the limitation retroactively would be entirely unfair and a severe instance of retroactivity. See, *e.g., United States v. Simmonds,* 111 F.3d 737, 745 (10th Cir. 1997), *overruled on other grounds United States v. Hurst,* 322 F.3d 1256, 1261 (10th Cir. 2003). According to *Simmonds*:

"[A] new time limitation cannot be so unfairly applied to bar a suit before the claimant has had a reasonable opportunity to bring it. Indeed, the Supreme Court has explained:

" 'It may be properly conceded that all statutes of limitation must proceed on the idea that the party has full opportunity afforded him to try his right in the courts. A statute could not bar the existing rights of claimants without affording this opportunity; if it should attempt to do so, it would not be a statue of limitations, but an unlawful attempt to extinguish rights arbitrarily, whatever might be the purport of its provisions. It is essential that such statutes allow a reasonable time after they take effect for the commencement of suits upon existing causes of action . . . .' " 111 F.3d at 745 (citing *Texaco, Inc. v. Short,* 454 U.S. 516, 527 n.21, 70 L. Ed. 2d 738, 102 S. Ct. 781 [1982]).

Although the time limitation in K.S.A. 2004 Supp. 60-1507(f) could be considered a procedural amendment, it cannot be applied retroactively if doing so would violate an individual's substantive rights. *Cf., Kaul,* 269 Kan. at 184. A reasonable time must be given after implementation of a statute of limitations for individuals to bring preexisting claims. In line with *Peters,* which interpreted the

amendment to K.S.A. 60-1501, and the federal cases which interpreted the AEDPA limitation period, it would seem reasonable for this court to determine that Hayes had 1 year from the effective date of the 2003 amendment to file his 60-1507 motion.

As stated, the 2003 amendment to K.S.A. 60-1507 became effective on July 1, 2003. Thus, given a 1-year "grace period," Hayes had until June 30, 2004, to file his motion. Hayes filed his motion on November 25, 2003. Therefore, the trial court erred in dismissing his motion as untimely under 60-1507(f)(1). As a result of this conclusion, we do not need to address Hayes' argument that the time limitation should have been extended under 60-1507(f)(2) to prevent a manifest injustice.

Reversed and remanded.