NOT DESIGNATED FOR PUBLICATION

No. 121,019

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KEVIN DEON LOGGINS SR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed June 12, 2020. Affirmed.

*Mark Sevart*, of Derby, for appellant, and *Kevin D. Loggins Sr*., appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN, J., and TIMOTHY J. CHAMBERS, District Judge, assigned.

PER CURIAM: Kevin D. Loggins—an inmate at the Hutchinson Correctional Facility—appeals the district court's summary dismissal of his fifth motion for habeas corpus relief under K.S.A. 60-1507. Loggins contends that the district court judge should have recused himself from hearing his motion. Moreover, Loggins contends that the district court failed to make sufficient findings of fact and conclusions of law. Finally, Loggins contends that the district court erred in finding that his K.S.A. 60-1507 motion was untimely and successive. Finding none of Loggins' arguments to be persuasive, we affirm the district court's summary denial of his K.S.A. 60-1507 motion.

1

On February 28, 1996, a jury convicted Loggins of two counts of aggravated kidnapping and two counts aggravated robbery. In addition, the jury convicted him of aggravated burglary, aggravated sexual battery, and criminal possession of a firearm. Less than two months later, on April 5, 1996, the district court convicted Loggins in a bench trial of aggravated robbery and criminal possession of a firearm.

In his direct appeal, a panel of this court reversed one count of aggravated kidnapping but affirmed the remaining convictions in both cases. On July 8, 1998, the Kansas Supreme Court denied Loggins' petition for judicial review and a mandate was issued. *State v. Loggins*, No. 77,106, 1998 WL 328425 (Kan. App. 1998) (unpublished opinion). The reversal of one of the convictions did not alter the length of his incarceration because the district court had imposed concurrent sentences on the two aggravated kidnapping convictions. Accordingly, Loggins is currently serving a 463-month prison sentence.

Since the Kansas Supreme Court issued the mandate in his direct appeal, Loggins has filed numerous motions challenging his convictions and sentence. Based on a review of the record, it appears that Loggins has unsuccessfully filed three motions to correct an illegal sentence. See *State v. Loggins*, No. 105,950, 2012 WL 2045362 (Kan. App. 2012) (unpublished opinion); *State v. Loggins*, No. 103,345, 2011 WL 3795236 (Kan. App. 2011) (unpublished opinion); *State v. Loggins*, No. 90,171, 2004 WL 1086970 (Kan. App. 2004) (unpublished opinion). It also appears that Loggins has previously filed four unsuccessful K.S.A. 60-1507 motions over the years. See *Loggins v. State*, No. 116,716, 2019 WL 4126472 (Kan. App. 2019) (unpublished opinion); *Loggins v. State*, No. 114,579, 2016 WL 4413504 (Kan. App. 2016) (unpublished opinion); *Loggins v. State*, No. 101,435, 2010 WL 2217105 (Kan. App. 2010) (unpublished opinion); *Loggins v. State*, No. 94,723, 2007 WL 2080359 (Kan. App. 2007) (unpublished opinion).

On September 25, 2018, Loggins filed a pro se action under 42 U.S.C. §1983 in the United States District Court for the District of Kansas against 38 defendants. Those named as defendants in the federal lawsuit included multiple state and federal judges; court reporters; an assistant district attorney; the Clerk of the Sedgwick County District Court; the Governor of the State of Kansas; Sedgwick County Commissioners; the Sedgwick County Counselor; the Sedgwick County Sheriff; the Secretary of Corrections for the Kansas Department of Corrections; and the Clerk of the Kansas Appellate Courts. One of the state court judges named as a defendant was Chief Judge James R. Fleetwood of the Sedgwick County District Court.

In his §1983 action, Loggins also moved to recuse the federal district judge assigned to hear his case. However, the federal district judge denied the request for recusal, finding that Loggins failed to establish any grounds to remove the assigned judge from this case. In addition, after liberally construing the pro se pleadings filed by Loggins, the federal district court dismissed the §1983 action with prejudice for failure to state a claim against any of the defendants upon which relief could be granted. See *Loggins v. Pilshaw*, No. 18-3254-DDC, 2020 WL 224542 (D. Kan. 2020) (unpublished opinion).

On November 20, 2018, while the federal lawsuit was pending, Loggins filed the pro se K.S.A. 60-1507 motion that is the subject of this appeal. In his motion, Loggins alleged—among other things—that the district judge who had presided over his trial had not been impartial during proceedings. He further alleged that the district judge and a court reporter conspired to alter the transcript of his preliminary hearing. Loggins also alleged that his arraignment had been defective, that there was insufficient evidence to support several of his convictions, and that the district court had lacked subject matter jurisdiction over his criminal cases.

Loggins raised several of the claims he is now making in his previous motions challenging his convictions and sentence. We note that Loggins had alleged that his arraignment was defective in three of his prior K.S.A. 60-1507 motions. Likewise, he had alleged that the district court had lacked subject matter jurisdiction in his fourth K.S.A. 60-1507 motion. He also had challenged the impartiality of the district court judge who had presided over his trial—as well as the sufficiency of evidence—in his first K.S.A. 60-1507 motion. See *Loggins*, 2019 WL 4126472, at *4; *Loggins*, 2010 WL 2217105, at *3. *Loggins*, 2007 WL 2080359, at *6-8.

Loggins also moved to recuse eight judges of the Sedgwick County District Court—as well as several judges on this court—from hearing his K.S.A. 60-1507 motion. Each of the judges had also been named as defendants in Loggins' federal lawsuit. One of the judges that Loggins sought to disqualify was Judge Fleetwood. About a month after filing the motion to recuse, Loggins also filed a pro se preliminary injunction seeking to recuse various judges from hearing his K.S.A. 60-1507 motion. Ultimately, Judge Fleetwood was assigned to hear the current K.S.A. 60-1507 motion.

On December 26, 2018, Judge Fleetwood denied Loggins' motion for preliminary injunction and refused to recuse himself from the case. In doing so, Judge Fleetwood found that "Movant has failed to provide any relevant information other than broad, unsupported accusations justifying his request for a preliminary injunction." The next day, Judge Fleetwood summarily dismissed Loggins' K.S.A. 60-1507 motion.

In his order, Judge Fleetwood found:

"The present motion is successive as there have been at least two prior petitions seeking collateral relief on the defendant's [convictions] in the underlying cases. Further the present petition is untimely without showing the existence of any manifest injustice resulting from a dismissal."

4

After Judge Fleetwood denied a motion to reconsider, Loggins timely appealed to this court. Although an attorney was appointed to represent him on appeal and filed a brief on his behalf, Loggins moved to file a supplemental pro se brief and this court granted his motion. In considering the issues presented on appeal, this court has taken into consideration the briefs filed by counsel as well as the supplemental brief filed by Loggins.

ANALYSIS

*Issues Presented*

On appeal, Loggins raises three issues. First, whether Judge Fleetwood erred by failing to recuse himself from this case. Second, whether the district court made sufficient finding of fact and conclusions of law in summarily dismissing the K.S.A. 60-1507 motion. Third, whether the district court erred in determining that the K.S.A. 60-1507 motion was barred on the grounds of being untimely and successive.

*District Judge's Failure to Recuse*

Loggins contends that Judge Fleetwood should have recused himself from considering his K.S.A. 60-1507 motion. He argues that Judge Fleetwood should have recused because he was named as one of many defendants in a 42 U.S.C. §1983 action filed by Loggins in federal court. In response, the State points out that Loggins entire argument on appeal is that "[g]iven the Federal Civil lawsuit that Mr. Loggins had filed against the Judge, it was a requirement for a different Judge to hear this K.S.A. 60-1507 petition." The State also points out that Loggins' recusal motion was not specific to Judge Fleetwood but instead sought to disqualify numerous district court and appellate judges from hearing his motion.

5

Our review of recusal issues is unlimited. *State v. Moyer*, 306 Kan. 342, 369-70, 410 P.3d 71 (2017). In Kansas, there are at least three substantive bases of law to justify the recusal of a judge: (1) the statutory factors set out in K.S.A. 20-311d(c); (2) the standards of the Kansas Code of Judicial Conduct; and (3) the Due Process Clause of the Fourteenth Amendment to the United States Constitution. 306 Kan. at 370. Unfortunately, Loggins does not identify the bases under which he claims Judge Fleetwood should have recused.

Under K.S.A. 20-311d(a), if a party believes the judge to whom an action is assigned cannot afford that party a fair trial, the party may file a motion for change of judge. If the judge refuses to disqualify himself or herself, the party seeking a change of judge may file an affidavit alleging that due to the "personal bias, prejudice or interest of the judge such party cannot obtain a fair and impartial trial or fair and impartial enforcement of post-judgment remedies." K.S.A. 20-311d(c)(5). If the affidavit is found to be legally sufficient, the case must be assigned to another judge. K.S.A. 20-311d(b). Here, we find nothing in the record to suggest that Loggins followed this procedure in attempting to disqualify Judge Fleetwood.

In addition, under the Kansas Code of Judicial Conduct, judges have a duty to disqualify themselves from cases "in which the judge's impartiality might reasonably be questioned." Rule 601B, Canon 2, Rule 2.11(A) (2020 Kan. S. Ct. R. 454). Moreover, the Kansas Supreme Court has applied a two-part test to determine whether a judge has violated a defendant's due process rights by refusing to recuse in a criminal case. The defendant must first show the judge had a duty to recuse because his or her impartiality might reasonably be questioned. However, a defendant must show actual bias or prejudice to set aside a conviction or sentence. *State v. Walker*, 283 Kan. 587, 605, 153 P.3d 1257 (2007).

6

In addition, the United States Supreme Court—as well as Kansas appellate courts—have recognized that there are some instances in which "'experience teaches that the probability of actual bias . . . is too high to be constitutionally tolerable.'" *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 877, 129 S. Ct. 2252, 173 L. Ed. 2d 1208 (2009) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 [1975]). In *Caperton*, the United States Supreme Court listed four categories of cases in which recusal would be required to satisfy due process: (1) when a judge has a direct, personal, substantial pecuniary interest in the case; (2) when a judge has an indirect financial interest in the case's outcome; (3) when a judge issues a contempt citation in one case and goes on to try the contempt citation; and, (4) in rare instances, when a litigant donates to a judge's campaign for office. 556 U.S. at 876-87. Here, nothing in the record suggests that this case falls into any of these categories.

Based on our review of the record in this case, we find that Loggins has not shown that Judge Fleetwood had a duty to recuse himself from this matter. As noted above, the § 1983 action filed in federal court against Judge Fleetwood and several other judges—as well as other state and local officials—has been dismissed. Although an appeal has evidently been filed, we find nothing to suggest that the federal litigation influenced Judge Fleetwood's ability to fairly and impartially review Loggins' K.S.A. 60-1507 motion. This is particularly true given that judges are immune from liability in legal actions brought under 28 U.S.C. § 1983 when acting in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362-64, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Loggins has failed to show that Judge Fleetwood has an actual bias against him. Likewise, he has not shown that Judge Fleetwood was unable to fairly and impartially consider his motion. Rather, Loggins simply suggests that Judge Fleetwood was required to recuse himself because he was named as a defendant in the federal lawsuit. Moreover, Loggins has failed to cite any authority to support his position.

It is important to recognize that judges have a duty to hear cases. See *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017). As a result, judges should not recuse from a case simply to avoid a difficult task or to appease a party. As the United States Court of Appeals for the Tenth Circuit has explained, a judge's duty to hear cases is not so fleeting that it evaporates whenever there is a possibility of bias or partiality. *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982).

Certainly, there are times in which it would be appropriate for judges to recuse from cases in which they are involved in litigation with one of the parties. This is especially true if a judge feels that he or she may not be able to be fair and impartial in a particular case. Nevertheless, if judges were to recuse themselves anytime they are named as a defendant in a lawsuit, it would wreak havoc on our system of justice and would encourage frivolous litigation, forum shopping, and delay.

We find no evidence that Judge Fleetwood has actual bias—or even a probability of actual bias—against Loggins. We also do not find that an objectively reasonable person with knowledge of all relevant facts would question Judge Fleetwood's fairness and impartiality solely because he was named by Loggins as one of numerous defendants in the federal lawsuit. Thus, under the circumstances presented, we conclude that Judge Fleetwood had no duty to recuse himself from hearing Loggins' K.S.A. 60-1507 motion.

*Compliance with Supreme Court Rule 183(j)*

Next, Loggins contends that the district court did not make adequate findings of fact and conclusions of law regarding its reasons for summarily dismissing his K.S.A. 60-1507 motion. In support of this contention, Loggins cites Kansas Supreme Court Rule 183(j) (2020 Kan. S. Ct. R. 225), which provides that in deciding K.S.A. 60-1507 motions, "[t]he court must make findings of fact and conclusions of law on all issues

8

presented." "Whether the district judge complied with Rule 183(j) involves a question of law reviewable de novo." *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009).

The primary purpose of Supreme Court Rule 183(j) is to assist appellate courts in conducting meaningful review. *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000). So, the relevant inquiry is whether the district court made sufficient findings and conclusions upon which we can adequately perform our duties as an appellate court. See *Robertson*, 288 Kan. at 232-33. Here, we find that Judge Fleetwood set forth a sufficient factual and legal explanation of his decision in order to allow us to conduct a meaning review.

Specifically, the district court's order stated:

"The present motion is *successive* as there have been at least two prior petitions seeking collateral relief on the defendant's [convictions] in the underlying cases. Further the present petition is *untimely* without showing the existence of any manifest injustice resulting from a dismissal." (Emphasis added.)

From a review of the district court's order and the record on appeal, we can glean the district court's reasons for the summary dismissal. First, the district court found that Loggins' latest K.S.A. 60-1507 motion is successive because it seeks relief that has been—or could have been—sought on direct appeal or in the multiple motions that Loggins has filed since that time. Second, the district court found that Loggins' motion was untimely in that the mandate in his direct appeal was filed nearly 20 years ago. Third, the district court found that Loggins had not shown any manifest injustice to justify the belated filing of his motion. For these reasons, we conclude that the district court's findings and conclusions—although succinct—were sufficient to provide us with an opportunity for meaningful review and to comply with the requirements of Supreme Court Rule 183(j).

*Summary Dismissal of K.S.A. 60-1507 Motion*

Finally, Loggins contends that the district court erred in determining that the K.S.A. 60-1507 motion was barred on the grounds of being untimely and successive. When a district court summarily dismisses a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant has no right to relief. We are to conduct this review independently and do not defer to the district court's decision. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

A defendant has one year from when a conviction becomes final to file a K.S.A. 60-1507 motion. K.S.A. 2019 Supp. 60-1507(f)(1). However, Loggins was convicted prior to the enactment of the 2003 amendment to K.S.A. 60-1507 that imposed the one-year time limitation. Because the amendment became effective on July 1, 2003, he had a one year "grace period"—until June 30, 2004—to file a K.S.A. 60-1507 motion. *Hayes v. State*, 34 Kan. App. 2d 157, 162, 115 P.3d 162 (2005). Yet Loggins' did not file the K.S.A. 60-1507 motion that is the subject of this appeal until November 20, 2018. As a result, it was not timely filed.

A district court may extend the one-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) to prevent a manifest injustice. K.S.A. 2019 Supp. 60-1507(f)(2). Without a showing of manifest injustice, district courts must dismiss a motion as untimely filed if, after inspection of the motion, files, and records of the case, the court determines that the time limitation has been exceeded. K.S.A. 2019 Supp. 60-1507(f)(3). In other words, a movant who files an untimely motion under K.S.A. 60-1507 and fails to show manifest injustice is procedurally barred from maintaining the action. See *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

Although Loggins argues that the prior opinions issued by panels of this court were "erroneous and worked a manifest injustice," we note that final orders and mandates were issued in each of his prior K.S.A. 60-1507 cases. Under the law-of-the-case doctrine, issues that have been finally decided in prior appeals in the same case are generally not to be reconsidered. *State v. Parry*, 305 Kan. 1189, 1195, 390 P.3d 879 (2017). This is because litigants are not entitled to have their cases decided on a piecemeal basis but must proceed in accordance with the mandates and legal rulings as established in previous appeals. 305 Kan. at 1195. Here, each of Loggins' previous appeals arise out of his 1996 criminal convictions. Thus, we conclude that he has failed to establish manifest injustice to justify the untimely filing of his current K.S.A. 60-1507 motion.

Furthermore, Loggins' K.S.A. 60-1507 motion is "successive" in that he asserts claims that were decided—or which could have been decided—on direct appeal or in the multiple motions he has filed since that time. Under K.S.A. 2019 Supp. 60-1507(c), district courts need not consider more than one habeas motion seeking similar relief. Because a movant is presumed to have listed all grounds for relief in his or her initial K.S.A. 60-1507 motion, "exceptional circumstances" must be shown to justify the filing of successive motions. *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019); see *Trotter*, 296 Kan. 898, Syl. ¶ 2. Exceptional circumstances include "unusual events or intervening changes in the law which prevent[ed] a movant from reasonably being able to raise all of the trial errors in the first postconviction proceeding." *State* v. *Kelly*, 291 Kan. 868, Syl. ¶ 2, 248 P.3d 1282 (2011).

Here, because Loggins has previously filed four K.S.A. 60-1507 motions, he was required to show exceptional circumstances to prevent summary dismissal of his motion. See *Kelly*, 291 Kan. at 872. Again, the only allegation of exceptional circumstances made by Loggins is that the prior decisions of the district court and panels of this court were

erroneous. As discussed above, issues finally decided on appeal are binding on the parties as well as on the district court in the same case.

The purpose of the exceptional circumstances requirement is to allow movants to explain why they did not raise an issue during his first postconviction proceeding. *Trotter*, 296 Kan. 898, Syl. ¶ 2. Here, Loggins does not offer such an explanation. Instead, he believes the prior decisions of the district court and panels of this court were wrong. He does not point to any changes in the law or unusual circumstances that might validate his filing of successive K.S.A. 60-1507 motions. We conclude, therefore, that the district court did not err in summarily dismissing Loggins' fifth K.S.A. 60-1507 motion on the grounds that it was untimely filed and is successive.

Affirmed.