NOT DESIGNATED FOR PUBLICATION

No. 122,694

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

FLOYD A. DOTSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed November 25, 2020. Affirmed.

*Brittany E. Lagemann*, of Olathe, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Floyd A. Dotson appeals the summary denial of his untimely second motion for habeas corpus relief under K.S.A. 2019 Supp. 60-1507 by the district court. Dotson asks us to reverse the district court's summary denial of his motion. K.S.A. 2019 Supp. 60-1507(f)(1)(A) allows us to apply the one-year time limitation to Dotson's second motion for relief when he has failed to show manifest injustice would occur upon its denial. Dotson's motion was filed well past the one-year threshold for the filing of a timely K.S.A. 60-1507 motion, and he has provided no support for a manifest injustice finding to extend the one-year deadline. We affirm.

1

In 1992, a jury convicted Dotson of five counts of aggravated criminal sodomy and three counts of indecent liberties with a child. The district court sentenced him to a controlling term of 60 years to life in prison. The Kansas Supreme Court affirmed Dotson's convictions and sentence. See *State v. Dotson*, 256 Kan. 406, 886 P.2d 356 (1994).

In June 2004, Dotson filed his first motion for habeas corpus relief under K.S.A. 60-1507. Dotson alleged his trial counsel was ineffective for (1) failing to challenge the testimony of the State's expert witness relating to the victims' signs of physical abuse and (2) failing to utilize an expert witness to challenge the state investigators' child interview techniques. Given Dotson's more than 10-year delay in bringing the motion, the State moved to dismiss the motion on grounds that it was time barred under the doctrine of laches. After hearing testimony from Dotson's trial counsel, the district court granted the State's motion to dismiss based on the doctrine of laches. Another panel of our court affirmed the district court's decision on appeal. See *Dotson v. State*, No. 97,076, 2008 WL 440684, at *1 (Kan. App. 2008) (unpublished opinion).

Dotson's second pro se K.S.A. 60-1507 motion was filed in February 2017. Dotson argued, as he did in his first motion, that his trial counsel was ineffective for failing to challenge the State's expert witness on the victims' physical signs of abuse and for failing to utilize an expert witness on child interview techniques. Dotson also alleged his habeas counsel in his first K.S.A. 60-1507 case was ineffective in several respects: (1) failing to communicate with him; (2) failing to respond to the State's motion to dismiss; (3) failing to follow up on his motion for expert witness fees; and (4) failing to argue for the necessity of an evidentiary hearing.

The district court summarily denied Dotson's second motion as untimely, finding he failed to establish manifest injustice sufficient to excuse his untimely filing.

ANALYSIS

Dotson now contends the district court erred in summarily denying his K.S.A. 60-1507 motion as untimely. Dotson claims manifest injustice was established to extend the one-year deadline for filing his second K.S.A. 60-1507 motion and the district court erred by not considering the merits of his motion.

A district court has three options when presented with a K.S.A. 60-1507 motion. It can summarily dismiss the motion if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," hold a preliminary hearing and deny the motion if there are no substantial issues presented, or conduct a full evidentiary hearing on the issues. K.S.A. 2019 Supp. 60-1507(b); see *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

To avoid the summary denial of a K.S.A. 60-1507 motion, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. 300 Kan. at 881. When, as here, the district court summarily denies a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

Generally, a movant seeking relief under K.S.A. 60-1507 has one year from when a conviction becomes final to file the motion. K.S.A. 2019 Supp. 60-1507(f)(1)(A). However, Dotson was convicted prior to the enactment of the 2003 amendment to K.S.A.

3

60-1507 that imposed the one-year time limitation. Because the amendment became effective on July 1, 2003, he had a one-year grace period—until June 30, 2004—to file a K.S.A. 60-1507 motion. See *Hayes v. State*, 34 Kan. App. 2d 157, 162, 115 P.3d 162 (2005). Dotson timely filed his first K.S.A. 60-1507 motion in June 2004. But Dotson did not file his second K.S.A. 60-1507 motion until February 23, 2017—long past the one-year time limit.

The one-year time limitation for bringing an action under K.S.A. 2019 Supp. 60-1507(f)(1) "may be extended by the court only to prevent a manifest injustice." K.S.A. 2019 Supp. 60-1507(f)(2). The burden is on the movant—here, Dotson—to establish manifest injustice by a preponderance of the evidence. See *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). Without a showing of manifest injustice, a district court must dismiss a motion as untimely filed if, after inspection of the motion, files, and records of the case, the court determines the time limitation has been exceeded. K.S.A. 2019 Supp. 60-1507(f)(3). In other words, a movant who files an untimely motion under K.S.A. 60-1507 and fails to show manifest injustice is procedurally barred from maintaining the action. See *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

For purposes of determining the existence of manifest injustice, the district court is only allowed to consider (1) a movant's reasons for not filing the motion within the one-year time limit and (2) whether the movant makes a colorable claim of actual innocence. K.S.A. 2019 Supp. 60-1507(f)(2)(A). Here, Dotson's arguments focus solely on the reasons for his untimely filing.

Although Dotson's second K.S.A. 60-1507 motion was not filed within one year after his direct appeal was final, a timely collateral attack upon the representation of habeas corpus counsel could constitute manifest injustice and serve as a basis for tolling the one-year time limitation for filing a habeas corpus motion. To that end, an inquiry into the manifest injustice of barring a second collateral proceeding necessarily involves a

4

consideration of the time frame in which the second collateral proceeding is brought. See *State v. Cox*, No. 104,292, 2011 WL 6382755, at *3-4 (Kan. App. 2011) (unpublished opinion) (finding no manifest injustice to excuse time limit given unexplained, three-year delay in seeking habeas review of attorney's error in prior habeas proceeding); *Pouncil v. State*, No. 98,276, 2008 WL 2251221, at *6-7 (Kan. App. 2008) (unpublished opinion) (finding no manifest injustice to excuse time limit given unexplained delay of over five years in seeking habeas review of attorney's error in prior habeas proceeding).

The mandate in Dotson's first K.S.A. 60-1507 case was issued on March 20, 2008. Nearly nine years later, Dotson filed this 60-1507 motion on February 23, 2017. In his motion, Dotson acknowledged his filing delay but argued the fact he had to prepare the motion himself should allow a less stringent time standard for filing the motion than one drafted by an attorney. He then alleged it would be manifest injustice for the district court to deny the motion without consideration of its merits. Now, before us, he renews his claim that his second 60-1507 motion, even though untimely, should be considered on the merits because he had to file his motion before the district court without help from an attorney. Citing his lack of a legal education and the financial resources to hire an attorney, Dotson argues that manifest injustice will result if he is denied the opportunity, as an indigent pro se litigant, to pursue a legal remedy for violations of his constitutional rights.

But a prisoner's lack of legal knowledge, training, and familiarity with the rules of procedure is not a valid excuse for failing to meet the one-year deadline under K.S.A. 2019 Supp. 60-1507(f). "[A] pro se K.S.A. 60-1507 [movant] is in the same position as all other pro se civil litigants, and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel." *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007). Indeed, other panels of our court have routinely found that a K.S.A. 60-1507 movant's lack of knowledge of legal issues or ignorance of the law does not establish manifest injustice. See, e.g., *Johnson v. State*, No.

121,993, 2020 WL 3116898, at *2 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* June 24, 2020; *Harris v. State*, No. 120,942, 2020 WL 1482424, at *3 (Kan. App. 2020) (unpublished opinion), *rev. denied* __ Kan. __ (September 30, 2020); *Martinez v. State*, No. 120,488, 2019 WL 6798971, at *3 (Kan. App. 2019) (unpublished opinion), *rev. denied* 311 Kan. 1046 ( 2020). In line with these well-reasoned opinions, we find Dotson's lack of legal knowledge does not amount to manifest injustice.

We are not persuaded by Dotson's arguments it was reasonable for a pro se litigant to take nine years after his first motion was final to file this one. We observe no manifest injustice would occur by the denial of his second K.S.A. 60-1507 motion since the reason for his tardy filing is inadequate and he does not make a claim of actual innocence. We affirm the district court's denial of his motion without a hearing.

Affirmed.