NOT DESIGNATED FOR PUBLICATION

No. 127,473

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

COREY R. GHOLSTON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; J. PATRICK WALTERS, judge. Submitted without oral argument. Opinion filed September 5, 2025. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., MALONE and HURST, JJ.

PER CURIAM: Corey R. Gholston appeals the district court's summary dismissal of his third K.S.A. 60-1507 motion alleging he received ineffective assistance of counsel from his prior habeas counsel. Gholston argues the district court erred in finding his motion was untimely and successive. We agree. But as the State asserts, Gholston is not entitled to receive any relief because, even if his prior habeas counsel performed deficiently, Gholston cannot show prejudice. For the reasons more fully explained below, we affirm the district court's judgment as being right for the wrong reason.

1

FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 1995, Gholston was involved in a drive-by shooting that resulted in the death of a two-year-old baby. The facts of the offense are not relevant to this appeal and will not be repeated here. After an initial mistrial, a jury convicted Gholston of premeditated first-degree murder, and the district court sentenced him to serve a hard 40 life sentence. Gholston appealed raising many issues, and the Kansas Supreme Court affirmed the conviction and sentence. *State v. Gholston*, 272 Kan. 601, 626, 35 P.3d 868 (2001) (*Gholston I*). The mandate was issued on January 2, 2002.

On July 14, 2003, Gholston filed his first K.S.A. 60-1507 motion. In that motion, he alleged that he received ineffective assistance of trial counsel because his right to confrontation was violated when certain recorded evidence was admitted into evidence without being played in open court. The district court summarily denied Gholston's motion, finding his counsel "had transcripts of the audiotapes referred to, questioned the witnesses regarding matters contained therein and that the playing of the tapes in open Court would not . . . likely produce a different result at a new trial." Gholston did not appeal the summary denial of his first K.S.A. 60-1507 motion.

About 12 years later, on September 28, 2015, Gholston filed a second K.S.A. 60-1507 motion through his counsel, Michael Whalen. In his second motion, Gholston alleged (1) the trial court had failed to properly advise him of his jury trial rights and the effect of waiving a trial by 12 jurors; (2) the trial court lacked subject matter jurisdiction because it failed to ensure that his stipulation to prosecution as an adult was knowing and voluntary; and (3) his hard 40 sentence was illegal. Gholston acknowledged that his motion was untimely but contended that manifest injustice excused the untimely filing based on his ignorance of the law and a claim of actual innocence.

2

The district court denied Gholston's second motion, finding that his claims were time barred and that he had failed to show manifest injustice to excuse the untimely filing. Gholston filed a motion to alter or amend that ruling, which the district court also denied. Gholston appealed, and a panel of this court affirmed the denial of the motion. *Gholston v. State*, No. 116,114, 2017 WL 4558230 (Kan. App. 2017) (unpublished opinion) (*Gholston II*). The panel explained that the district court had not erred in finding that Gholston's second motion was untimely, nor in finding that he had failed to establish manifest injustice to excuse the untimely filing. 2017 WL 4558230, at *3-8. The panel also found that "even if [Gholston] had shown manifest injustice, his claims would have failed." 2017 WL 4558230, at *8. A mandate was issued on November 14, 2019.

On June 30, 2023, Gholston filed a third K.S.A. 60-1507 motion—the subject of this appeal. His motion asserted 10 grounds for relief, 9 of which alleged errors at trial or during his direct appeal. Each of these 9 grounds for relief included a claim by Gholston that his prior habeas counsel, Whalen, was ineffective for not raising the issue in his second K.S.A. 60-1507 motion. Gholston's only claim that did not include an allegation that Whalen was ineffective asserted "new evidence of actual innocence" based on a claim that a witness' testimony against Gholston at trial was the result of "threats, promises, benefits or coercion on the part of law enforcement."

The State responded and argued that Gholston's motion was procedurally barred as untimely and successive. The State also argued that Gholston failed to show that Whalen was ineffective or that Gholston was prejudiced by Whalen's performance. The State also argued that Gholston's claim of actual innocence was unfounded because the information about the witness' reasons for testifying was known by Gholston at the time of trial.

On November 7, 2023, the district court dismissed Gholston's motion as untimely and successive. The order explained:

"The Court, upon its own inspection of the motion, files and records of the case, determines the time limitations under [K.S.A. 2022 Supp. 60-1507(f)(3)] have been exceeded and that the dismissal of the motion would not equate with manifest injustice, thereupon, the motion is dismissed as untimely filed and successive."

Gholston moved to alter or amend, arguing the district court had overlooked the deadline for asserting claims arising from the denial of a prior habeas motion under K.S.A. 2022 Supp. 60-1507(f)(1)(C) and (g). The district court denied Gholston's motion to alter or amend. Gholston timely appealed the district court's judgment.

ANALYSIS

Gholston claims the district court erred in summarily dismissing his K.S.A. 60-1507 motion because his claims that he received ineffective assistance from his prior habeas counsel, Whalen, were timely, not successive, and required an evidentiary hearing. As a separate issue, Gholston asserts that the district court erred in denying his motion to alter or amend. Gholston only argues that his claims against Whalen are timely and not successive—all the remaining claims in his third K.S.A. 60-1507 motion are waived or abandoned. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019) ("Issues not adequately briefed are deemed waived or abandoned.").

The State appears to concede that Gholston's claims against Whalen are timely and not successive. But the State asserts Gholston is not entitled to receive any relief because he cannot show that he was prejudiced by Whalen's alleged deficient performance.

The district court dismissed Gholston's third K.S.A. 60-1507 motion as untimely and successive. It also found Gholston failed to establish manifest injustice but did not explain the basis for that finding. This court exercises unlimited review over the district court's summary dismissal of a K.S.A. 60-1507 motion because an appellate court is in the same position as the district court to determine whether "the motion and the files and

4

records of the case conclusively show that the prisoner is entitled to no relief." K.S.A. 2022 Supp. 60-1507(b); see *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

Turning first to the timeliness of the motion, Gholston contends his claims against his prior habeas counsel, Whalen, are timely because his motion was filed within one year of the effective date of the 2022 amendments made to K.S.A. 60-1507(f). We agree. Generally, a K.S.A. 60-1507 motion must be filed within a year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." See K.S.A. 2022 Supp. 60-1507(f)(1)(A). But on July 1, 2022, the Legislature amended subsection (f)(1) to add that a motion may be filed within one year of "the decision of the district court denying a prior motion under this section, the opinion of the last appellate court in this state to exercise jurisdiction on such prior motion or the denial of the petition for review on such prior motion, whichever is later." L. 2022, ch. 47, § 4; see K.S.A. 2022 Supp. 60-1507(f)(1)(C). This amendment clarifies that the one-year timeframe for seeking relief now applies to claims, such as Gholston's, of ineffective assistance against a prior habeas counsel.

The time limit for filing a K.S.A. 60-1507 motion alleging ineffective assistance of habeas counsel begins when the mandate is issued in the movant's prior K.S.A. 60-1507 proceeding. See, e.g., *Torrence v. State*, No. 126,880, 2025 WL 1420126, at *4-5 (Kan. App. 2025) (unpublished opinion). The mandate for Gholston's second K.S.A. 60-1507 motion was issued on November 14, 2019. But the one-year limitation under K.S.A. 2022 Supp. 60-1507(f)(1)(C) for claims against prior habeas counsel did not become effective until July 1, 2022. In other words, Gholston's claims against Whalen preexisted the 2022 amendment. As Gholston notes, K.S.A. 2022 Supp. 60-1507(g) explicitly states that "[t]he amendments made to subsection (f) by this act shall not bar actions under this section that are brought within one year of the effective date of this act."

Gholston filed his petition on June 30, 2023, just within one year of the effective date of the amendments. Because Gholston's claims challenging the effectiveness of his prior habeas counsel preexisted the 2022 statutory amendment and his motion was filed within a year of that amendment, those claims are timely. See *Hayes v. State*, 34 Kan. App. 2d 157, 161-62, 115 P.3d 162 (2005) (holding that a defendant with claims preexisting the 2003 amendment to K.S.A. 60-1507 could comply with the one-year time limitation by filing a motion within one year of the effective date of the amendment).

Next, Gholston argues his motion was not successive because it raises his claims of ineffective assistance of prior habeas counsel for the first time. Gholston is correct that claims of ineffective assistance of counsel against Whalen are not successive. His third K.S.A. 60-1507 motion raises different grounds for relief that could not have been raised in his prior motions—that Whalen was ineffective—and should not have been considered successive. See, e.g., *Rowell v. State*, 60 Kan. App. 2d 235, 239-40, 490 P.3d 78 (2021) (finding second K.S.A. 60-1507 motion alleging ineffective assistance of counsel in first habeas proceeding raised a different ground for relief and was not successive).

In short, the district court erred in summarily dismissing Gholston's motion as untimely and successive. His claims against Whalen were timely because he filed them within one year of the effective date of the 2022 amendment, which added K.S.A. 60-1507(f)(1)(C) and allowed the filing of claims of ineffective assistance of counsel against a prior habeas counsel. The claims were not successive because they could not have been raised in a prior K.S.A. 60-1507 motion. Thus, the sole grounds on which the district court dismissed Gholston's third K.S.A. 60-1507 motion were erroneous. Because we agree with Gholston that the district court erred in finding his motion was untimely and successive, we need not address Gholston's separate issue on appeal that the district court erred in denying his motion to alter or amend the judgment.

The State contends that even if Gholston's claims against Whalen are timely and not successive, this court should still find he cannot receive any relief. Generally, this court may affirm a district court as being right for the wrong reason if any alternative basis upholds the district court's ruling. *State v. Overman*, 301 Kan. 704, 711-12, 348 P.3d 516 (2015). And, as noted above, this court is in the same position as the district court to determine whether the motion, files, and records of the case conclusively show that Gholston is entitled to no relief. *Beauclair*, 308 Kan. at 293.

The State argues that Gholston cannot show he was prejudiced by Whalen's representation because regardless of whether he raised the issues Gholston is now asserting, the second K.S.A. 60-1507 motion was untimely, and Gholston did not show manifest injustice to excuse the delay. Gholston has not argued Whalen's representation was the reason for the untimely filing of the second K.S.A. 60-1507 motion.

To prevail on a claim of ineffective assistance of counsel, a movant must establish (1) counsel's performance was deficient under the totality of the circumstances and (2) prejudice, i.e., a reasonable probability that but for counsel's deficient performance, the outcome of the proceeding would have been different. *Khalil-Alsalaami v. State*, 313 Kan. 472, 485, 486 P.3d 1216 (2021). And a claim of ineffective assistance of counsel may be disposed of solely on the ground that the defendant fails to establish the prejudice prong. See, e.g., *Edgar v. State*, 294 Kan. 828, 843, 283 P.3d 152 (2012) ("'[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.'").

Thus, the ultimate question is: Has Gholston established a reasonable probability that the outcome of his second K.S.A. 60-1507 motion would have been different had Whalen included the issues that Gholston claims he should have raised in the motion? The answer is no. Even if Whalen raised every one of the substantive issues that Gholston contends he should have included in his second K.S.A. 60-1507 motion, the motion itself

7

was untimely, and Gholston failed to show manifest injustice to excuse the delay. The State makes this very point: "Had Whalen brought the claims movant now says should have been brought in 2015, . . . the motion would have *still been denied as untimely* and the [*Gholston II* panel] *still would have affirmed that finding*."

Gholston's second K.S.A. 60-1507 motion was untimely—it was filed over 13 years after the mandate for his direct appeal was filed. The time limitation may be extended by the court to prevent a manifest injustice. K.S.A. 2022 Supp. 60-1507(f)(2). For purposes of finding manifest injustice, the court's inquiry is limited to determining why the petitioner failed to file the motion in a timely manner or whether the petitioner makes a colorable claim of actual innocence. K.S.A. 2022 Supp. 60-1507(f)(2)(A). Actual innocence means it is more likely than not that no reasonable juror would have convicted the petitioner in light of new evidence. K.S.A. 2022 Supp. 60-1507(f)(2)(A).

In finding that Gholston could not establish manifest injustice to excuse the delay, the *Gholston II* panel analyzed the reasons for the delay and Gholston's claims of actual innocence, finding neither to be persuasive. 2017 WL 4558230, at *3-4. Gholston's reason for the delay was that he could not file the motion until he had the benefit of counsel, but this court explained that his "failure to understand the nature of his claims does not support a finding of manifest injustice." 2017 WL 4558230, at *4. This court then dismissed Gholston's conclusory claim of actual innocence, which rested solely on his assertion that he "'would testify that he is innocent.'" 2017 WL 4558230, at *4. The panel clarified that it could not consider the merits of Gholston's substantive claims in determining whether he established manifest injustice. 2017 WL 4558230, at *5.

A review of the motion, files, and records of the case conclusively shows that Gholston is entitled to no relief. Gholston cannot show that he was prejudiced by Whalen's alleged deficient performance in the prior habeas case because the case was untimely filed and procedurally barred in the first place, and there is no claim that

Whalen's representation was the reason for the untimely filing. Thus, the district court correctly dismissed Gholston's third K.S.A. 60-1507 motion, albeit for the wrong reason.

Affirmed.